# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SAUL ERNESTO ALDANA-ALDANA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
United States Department of Homeland
Security, et al.,

Respondents.

Case No.:  26cv3427 DMS (AHG)

**ORDER DENYING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse.

Petitioner is a native and citizen of El Salvador. On February 25, 2015, he and his mother entered the United States and were arrested by border patrol agents. (Return, Ex. 2.) It appears Petitioner was a minor at the time of entry. (*Id.*) The following day, Petitioner was released on his own recognizance with an order to report to a duty officer on March 26, 2015. (Return, Ex. 4.) It is unclear what happened in the following year, but on April 20, 2016, an immigration judge ordered Petitioner removed in absentia. (Return, Ex. 5.) In the ten years that followed, Petitioner married a U.S. citizen, obtained a California driver's license, and maintained employment. (Pet. at 2.)

1

On April 26, 2026, officers of Immigration and Customs Enforcement ("ICE") arrested Petitioner as he was driving home from work. (*Id.*) He has been in ICE custody since that time, and is currently detained at Imperial Regional Detention Facility. (*Id.*)

It appears that since Petitioner was re-detained, he filed a motion to reopen his immigration case to challenge his in absentia removal order, which was denied. (Decl. of Gustavo Urbano in Supp. of Return ("Urbano Decl.") ¶ 9.) Petitioner has since filed an appeal of that decision with the Board of Immigration Appeals ("BIA"), and as of June 7, 2026, that appeal remained pending. (*Id.*)

On June 5, 2026, Petitioner filed the present case in which he raises three claims. First, he claims his detention should be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Second, he contends that even if his detention is governed by § 1225(b)(2)(A), his detention without a bond hearing violates due process. Third, Petitioner alleges a 2025 Department of Homeland Security ("DHS") policy expanding the scope of § 1225(b)(2)(A) and the Board of Immigration Appeals' 2025 decision in *Matter of Yajure Hurtado* violate the APA.

In response to the Petition, Respondents do not address Petitioner's claims. Instead, they focus on *Zadvydas v. Davis*, 533 U.S. 678 (2001), and assert they are ready to remove Petitioner to El Salvador within one week of receiving an order from the BIA dismissing Petitioner's appeal. (Urbano Decl. ¶ 10.)

In analyzing the issues in this case, the Court must first determine the statutory basis for Petitioner's re-detention. Petitioner asserts his re-detention is governed by 8 U.S.C. § 1226(a), while Respondents suggest Petitioner's re-detention is governed by 8 U.S.C. § 1231. The Court agrees with Respondents. Section 1231(a) "governs the detention of noncitizens who have been ordered removed." *Yohannes v. Chestnut*, No. 2:26-cv-01122-JAD-NJK, 2026 WL 1752064, at *3 (D. Nev. June 17, 2026). Here, Petitioner was ordered

26cv3427 DMS (AHG)

removed in absentia in 2016.  Thus, his re-detention is governed by § 1231(a).[1]  Because Petitioner does not raise any challenge to his re-detention under that statute, his Petition for Writ of Habeas Corpus is denied.

**IT IS SO ORDERED.**

Dated:  July 27, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this finding, the Court need not address Petitioner's alternative claim that mandatory detention under § 1225(b)(2)(A) violates due process.  The Court also need not address Petitioner's remaining claim that DHS's 2025 Policy expanding § 1225(b)(2)(A) detention to individuals long present in the United States and the BIA's decision in Yajure Hurtado constitute a substantive rule adopted without notice-and-comment in violation of the APA since Petitioner's re-detention is governed by § 1231(a), not § 1225(b)(2)(A).

26cv3427 DMS (AHG)